IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM C. MENEFEE,

    Plaintiff,

  vs.                                    No. CIV S-06-1640 DFL GGH PS

SOLANO COUNTY JAIL, et al.,

    Defendants.             ORDER

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson

v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff alleges that officials at Solano County Jail deprived him of his right to nutritionally adequate diabetic meals and medical care for his diabetes, in violation of the Americans with Disabilities Act. He also alleges deliberate indifference, due process violations, discrimination based on his disability, denial of access to the courts and intentional infliction of emotional distress. Plaintiff seeks monetary damages.

Unfortunately, plaintiff has named several doe defendants, including "registered dietician," "jail kitchen supervisor," "medical care defendants," and "jail administration." Doe defendants are not usually favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Amendment is allowed, however, to substitute true names for the fictitiously named defendants. Merritt v. County of Los Angeles, 875 F.2d 765, 766 (9th Cir. 1989). Here, plaintiff has not named the persons who allegedly deprived him of his diabetic meals and medical care, other than named defendants Aramark, the State of California, and Solano County Jail. Therefore, his complaint is dismissed with leave to amend.

Plaintiff is also advised that he may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages. See <u>Phiffer v. Columbia River Correctional Institute</u>, 384 F.3d 791 (9th Cir. 2004); <u>Lovell v. Chandler</u>, 303 F.3d 1039 (9th Cir. 2002). Plaintiff may seek money damages against state entities under the ADA, but only insofar as defendants' activities violated the Fourteenth Amendment. <u>United States v. Georgia</u>, ___ U.S. ___, 126 S. Ct. 877, 881 (2006). However, he cannot seek damages pursuant to the ADA against the defendants in their individual capacities. <u>Eason v. Clark County School Dist.</u>, 303 F.3d 1137, 1144 (9th Cir. 2002), citing <u>Garcia v. S.U.N.Y. Health</u>, 280 F.3d 98, 107 (2d Cir. 2001). Accordingly, if plaintiff intends to make claims against any individual defendants under the ADA, the claims brought under this statute will be dismissed against these defendants. Because plaintiff has also failed to show that the Fourteenth Amendment is implicated, he will be granted leave to amend on this basis.

Plaintiff is informed the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

\\\\\
\\\\\
\\\\\

1  2. The complaint is dismissed, with leave to file an amended complaint within
2 thirty days from the date of service of this order. Failure to file an amended complaint will result
3 in a recommendation that the action be dismissed.
4 DATED: 8/4/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

ifp.amd
Menefee1640.amd.wpd