IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM C. MENEFEE,

    Plaintiff,

    vs.                                                                            No. CIV S-06-1640 DFL GGH PS

SOLANO COUNTY SHERIFF'S
DEPARTMENT, et al.,                                                     ORDER

    Defendants.
_____/

        On August 4, 2006, this court granted plaintiff's request for leave to proceed in forma pauperis in this civil rights action alleging denial of adequate diabetic meals and treatment to plaintiff while he was a pretrial detainee in Solano County Jail.  The court dismissed the complaint with leave to amend in order to permit plaintiff to name Doe defendants and to demonstrate the elements required to pursue an action under the Americans with Disabilities Act.

        Plaintiff timely filed an amended complaint.  While all defendants are not identified in the caption of the proposed complaint,[1] the body of the complaint identifies defendants State of California, Solano County, Solano County Sheriff's Department, Solano

---

[1] Although Fed. R. Civ. P. 10(a) requires that all defendants be identified in the caption of the complaint, the court liberally construes the amended complaint as satisfactorily naming the defendants identified herein.

1

1 County Jail, Aramark,[2] "Jail Administrators Mitch Mashburn and Tina Arcant," "Doctor
2 Shepard," "Nurse Practitioner Deborah Patterson," "Medical Personnel Greg, Elise and Erin,"
3 "Registered Dietician," and "jail kitchen supervisor." All defendants are "sued individually
4 and/or officially." Proposed Amended Complaint, p. 2, line 3.

5       All defendants are adequately identified with the exception of the last three, viz.,
6 "Medical Personnel Greg, Elise and Erin," "Registered Dietician" and "jail kitchen supervisor."
7 While plaintiff may seek later to amend the complaint to add these defendants upon obtaining
8 their full names and titles, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), these
9 defendants shall presently be dismissed without prejudice.

10       Liberal construction of the amended complaint demonstrates cognizable claims
11 for relief against the remaining defendants pursuant to: (1) 42 U.S.C. § 1983 for violation of
12 plaintiff's Eighth, Fourteenth, and First Amendment rights, and (2) the Americans with
13 Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA"), and Section 504 of the Rehabilitation Act,
14 29 U.S.C. § 794.[3]

15       Plaintiff makes the requisite Fourteenth Amendment due process allegations in
16 support of his ADA claim, U.S. v. Georgia, 546 U.S. 151, 126 S.Ct. 877, 881 (2006), based upon
17 his Eighth Amendment allegation of deliberate indifference.[4] While plaintiff's formal ADA
18 \\\\\
19 \\\\\

---

[2] According to plaintiff, Aramark contracts with Solano County to provide meals to Solano County Jail.

[3] Title II of the ADA and Section 504 of the Rehabilitation Act create the same rights and obligations. Wong v. Regents of the University of California ("Wong II"), 410 F. 3d 1052, 1055, n. 1. (9th Cir. 2005)

[4] See Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 463, 67 S.Ct. 374 (1947) (Due Process Clause of the Fourteenth Amendment incorporates the Eighth Amendment's guarantee against cruel and unusual punishment); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976), (inadequate medical care constitutes cruel and unusual punishment cognizable under § 1983 if it rises to the level of "deliberate indifference to serious medical needs").

claim, as set forth in his Fourth Cause of Action,[5] is alleged only against "a State of California program that receives federal funds," the body of the amended complaint adequately identifies specific alleged acts by specific defendants stating a cause of action under the ADA.[6] However, plaintiff may pursue his ADA claims against defendants only in their official capacities, Eason v. Clark County School Dist., 303 F.3d 1137, 1145 (9th Cir. 2002) ("individual defendants may not be held liable under either the ADA or the Rehabilitation Act").

Plaintiff's § 1983 personal-capacity claims may proceed against individual defendants Mitch Mashburn, Tina Arcant, Doctor Shepard, and Nurse Practitioner Deborah Patterson. These defendants may also be sued under § 1983 in their official capacities. However, the government defendants (as well as the private company, Aramark, apparently sued under a "joint action" theory) may be sued only in their official capacities. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-166, 105 S.Ct. 3099, 3105 (1985) (personal-capacity and official-capacity suits under § 1983); Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186 (1980) (joint action)).

Additionally, in his amended complaint, plaintiff requests appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). For the following reasons, the request is denied.

In proceedings that do not threaten a litigant with loss of physical liberty, there is presumptively no right to appointed counsel. Lassiter v. Department of Social Services, 452 U.S.

---

[5] The court notes that plaintiff has not alleged a fifth cause of action, jumping from a fourth to a sixth cause of action.

[6] In order to state a claim of disability discrimination under Title II of the ADA, a plaintiff must show that "(1) he is an individual with a disability;" (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) "such exclusion, denial of benefits, or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir.2004) (citation and internal quotations omitted). Further, "the ADA's broad language brings within its scope . . . programs or services provided at jails, prisons, and any other custodial or correctional institution." Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001)(citations and internal quotations omitted).

1  18, 26-27 (1981).  Where a litigant does not have a right to appointed counsel, the court
2  nonetheless has discretion under 28 U.S.C. § 1915(e)(1) to "request" counsel represent an
3  indigent civil litigant.   Section 1915(e)(1) authorizes the court only to request an attorney
4  represent a litigant and does not authorize an order appointing an attorney.  See Mallard v. United
5  States District Court for the Southern District of Iowa, 490 U.S. 296, 301-307 (1989).
6  In the Ninth Circuit, the court may request counsel under section 1915 only in "exceptional
7  circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th.Cir.1990).  A finding of
8  "exceptional circumstances" requires an evaluation of both (1) the likelihood of success on the
9  merits and (2) the ability of plaintiff to articulate his claims in pro se in light of the complexity of
10 the legal issues involved.  Id.  Neither of these factors is dispositive and both must be viewed
11 together before reaching a decision on the motion.  Id.
12          Plaintiff may have one or more successful claims if the allegations of his
13 complaint are sustained.  Nonetheless, at this time, the claims are sufficiently articulated to
14 proceed in this action without the assistance of counsel.  Accordingly, plaintiff's motion for the
15 court's assistance in obtaining counsel is denied.
16          In accordance with the above, IT IS HEREBY ORDERED that:
17          1. Defendants "Medical Personnel Greg, Elise and Erin," "Registered Dietician"
18 and "jail kitchen supervisor" are dismissed without prejudice.
19          2. Plaintiff's ADA claims shall proceed against all defendants only in their
20 official capacities, while plaintiff's § 1983 claims shall proceed against all defendants in their
21 official capacities, and also against defendants Mitch Mashburn, Tina Arcant, Doctor Shepard,
22 and Nurse Practitioner Deborah Patterson in their individual capacities.
23          3. Plaintiff's request for appointment of counsel is denied.
24          4. Service is appropriate for the following defendants:  State of California, Solano
25 County, Solano County Sheriff's Department, Solano County Jail, Aramark, Jail Administrator
26 Mitch Mashburn, Jail Administrator Tina Arcant, Doctor Shepard, and Nurse Practitioner

Deborah Patterson.

5. The Clerk of the Court is directed to issue summons forthwith pursuant to Fed. R. Civ. P. 4.

6. The Clerk of the Court shall send plaintiff nine (9) USM-285 forms, one summons, a copy of the complaint, a form for consent to a magistrate judge, and this court's status order.

7. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process. Plaintiff is advised that the court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons;

    b. One completed USM-285 form for each defendant;

    c. A copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's status order for each defendant.

8. The U.S. Marshal is directed to serve process and a copy of this court's status order, within ninety days of receipt of the required information from plaintiff, without prepayment of costs. In the event the U.S. Marshal is unable, for any reason whatsoever, timely to effectuate service on any defendant, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

DATED: 11/2/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH5.Menefee1640.srv